**FILED**
APR 14 2011
DAVID CREWS, CLERK
BY _____ Deputy

Case No.: 2:11cv030-WAP-SAA

RECEIVED
APR 14 2011
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

**Amended Complaint**

Please find enclosed an Amended Complaint from the Plaintiff pro se Robert F. Sartori, offering a more detailed claim of Personal Jurisdiction of this court over the Defendant, and the violations of Plaintiff's rights the Defendant has committed, as well as exhibits supporting Plaintiff's claim.

The Complaint has been amended as follows:

   Lines 34-135 history of events

   Lines 289-336 violations

   Pages 9-16 exhibits A through E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

Robert F. Sartori
Plaintiff pro se

VS.  Case No.: 2:11cv030-WAP-SAA

Bonded Collect Services
Defendant

## PLAINTIFF'S STATEMENT OF CLAIM
## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Plaintiff, Robert F. Sartori.

Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement Upon Which Relief Can Be Granted.

### Statement of Claim

The Defendant is a 3rd party debt collector as such is governed under the law by The Fair Debt Collection Practices Act 15 USC Section § 1601, *et seq.* and also reports these Debts to the national credit reporting agencies i.e. Trans Union, Equifax, and Experian. As such the Defendant is also governed under The Fair Credit Reporting Act 15 USC Section § 1681, *et seq.* The State of Mississippi abides and adheres to these laws. Thus establishing the jurisdiction of this honorable court. Specifically sections 813 [15 USC § 1692k] of the FDCPA and 618 [15 USC § 1681p] of the FCRA.

On or about May 11 of 2009 the Defendant claims to have acquired an alleged debt in the Plaintiff's name. Plaintiff 's mailing and residential address at this time was 1295 Shady Lane, Tunica, Mississippi 38676. (exhibit A)

On or about June of 2009 the Defendant entered into the Plaintiff's Experian Credit report claiming an alleged debt was owed to them in the amount of $220. Plaintiff 's mailing and residential address at this time was 1295 Shady Lane, Tunica, Mississippi 38676. (exhibit B)

Upon becoming aware of this entry the Plaintiff contacted the Defendant on November 24, 2010 via US Postal Service Certified Mail Return Receipt with a Letter of Dispute asking the Defendant to provide proof of this alleged debt. Plaintiff's residential and mailing address at this time was 1295 Shady Lane, Tunica, Mississippi 38676. The letter sent to the Defendant, return address on the envelope, and CMRR all indicated the Plaintiff's

48    address as 1295 Shady Lane, Tunica, Mississippi 38676. (exhibit C)

50  To date the Defendant has not responded to the Plaintiff's request for proof/validation. Yet
51    Defendant still maintains that Plaintiff owes this alleged debt.

53  The Defendant *did* respond to Plaintiff's Letter of Dispute by sending the Plaintiff a
54    collection letter on December 6, 2009 to Plaintiff's residence and mailing address of 1295
55    Shady Lane, Tunica, Mississippi 38676. (exhibit D)

57  And by re-aging the account citing this alleged debt in December of 2010 in the
58    Plaintiff's Experian credit report which cited the Plaintiff's address as 1295 Shady
59    Lane, Tunica, Mississippi 38676. (exhibit E)

61  At all times relevant to these proceedings the Plaintiff did reside and receive mail at 1295
62    Shady Lane, Tunica, Mississippi 38676.

64  At no time relevant to these proceedings did the Plaintiff reside or receive mail in New
65    Mexico or anywhere else other than 1295 Shady Lane, Tunica, Mississippi 38676.

67  Plaintiff claims this court's Personal Jurisdiction over the Defendant under the
68  **Mississippi Long-Arm Statute** *Miss. Code Ann. § 13-3-57*
69    **Service on nonresident business not qualified to do business in state;**
70    **survival of cause of action in case of death or inability to act; service on**
71    **nonresident executor, administrator, etc**
72  "*Any nonresident person, firm, general or limited partnership, or any foreign or other*
73  *corporation not qualified under the Constitution and laws of this state as to doing*
74  *business herein, who shall… <u>commit a tort in whole or in part in this state against a</u>*
75  <u>*resident or nonresident of this state*</u>… *shall by such act or acts be deemed to*
76  *be doing business in Mississippi and shall thereby be subjected to the jurisdiction*
77  *of the courts of this state.*"

79  The Defendant has committed torts against the Plaintiff while the Plaintiff resided at
80  1295 Shady Lane, Tunica Mississippi 38676 by violating the Plaintiff's rights
81  under FCRA and FDCPA laws and has done so by US Postal Service and by entering
82  into the Plaintiff's Experian credit report while Plaintiff was a resident of this state and
83  has therefore satisfied the requirement for "traditional notions of fair play and substantial
84  justice." *International Shoe, 326 U.S. at 316 (1945); Hanson v. Denckla, 357 U.S. 235, 253, 2*
85  *L. Ed. 2d 1283, 78 S. Ct. 1228 (1958);* and placed himself within the Personal Jurisdiction of
86  this court.

88  Plaintiff claims this court's Personal Jurisdiction over the Defendant under the
89  **Mississippi Long-Arm Statute** *Miss. Code Ann. § 13-3-57*
90    **Service on nonresident business not qualified to do business in state;**
91    **survival of cause of action in case of death or inability to act; service on**
92    **nonresident executor, administrator, etc**
93  "*Any nonresident person, firm, general or limited partnership, or any foreign or other*

94  *corporation not qualified under the Constitution and laws of this state as to doing*
95  *business herein, who shall…<u>do any business or perform any character of work or service</u>*
96  <u>*in this state*</u>*, shall by such act or acts be deemed to be doing business in Mississippi and*
97  *shall thereby be subjected to the jurisdiction of the courts of this state.*
98
99  The Defendant is a debt collector and as such his business is the attempted collecting of
100 debts. By attempting to collect an alleged debt upon the Plaintiff while the Plaintiff
101 resided at 1295 Shady Lane, Tunica, Mississippi 38676 via US Postal Service and by
102 entering into Plaintiff's Experian credit report while Plaintiff lived at the same address
103 the Defendant has done business in this state and has therefore satisfied the requirement
104 for "traditional notions of fair play and substantial justice." *International Shoe, 326 U.S. at*
105 *316 (1945); Hanson v. Denckla, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958);*
106 And placed himself under the Personal Jurisdiction of this court.
107
108 Plaintiff claims this court's Personal Jurisdiction over the Defendant under the
109 **Mississippi Long-Arm Statute** *Miss. Code Ann. § 13-3-57*
110    **Service on nonresident business not qualified to do business in state;**
111    **survival of cause of action in case of death or inability to act; service on**
112    **nonresident executor, administrator, etc**
113 "*Any nonresident person, firm, general or limited partnership, or any foreign or other*
114 *corporation not qualified under the Constitution and laws of this state as to doing*
115 *business herein, who shall…<u>do **any** business or perform **any** character of work or service</u>*
116 <u>*in this state*</u>*, shall by such act or acts be deemed to be doing business in Mississippi and*
117 *shall thereby be subjected to the jurisdiction of the courts of this state.*
118
119 The Defendant has admitted to having an account in Mississippi in #9 of Defendant's
120 *Affidavit of Porter Morgan.*
121
122 To fail to grant Personal Jurisdiction over the Defendant would be to deny the Plaintiff in
123 his Fourteenth Amendment right of equal protection under the law. It is undeniable
124 that the Plaintiff's residency in Mississippi pre-dates the Defendant's claim of acquisition
125 of the alleged debt. As such any and all torts committed or contact of any kind were
126 within the jurisdiction of this court. The Plaintiff denies this alleged debt, but the
127 Defendant has continuously, obstinately and arrogantly violated the law under 15 USC
128 1692 and 15 USC 1681 and in doing so violated the Plaintiff's rights.
129
130 Plaintiff has exhausted all other remedy and seeks now to have this matter addressed by
131 the court. The Defendant seeks here again to deny remedy to the Plaintiff by now
132 invoking the protection of the very legal system the Defendant has to date disregarded.
133 The Defendant has shown no such concern for the law or the Plaintiff's rights when he
134 declined to validate this alleged debt or mark the account in dispute in the Plaintiff's
135 Experian credit report as required by federal law when challenged by the Plaintiff.
136
137    The Defendant has entered derogatory information into the Plaintiff's Credit report and has
138    Continually updated this information without validating this alleged debt.
139    Plaintiff has verified with Experian on or about December 2010 that they have confirmed

3

140    That Bonded Collect Services has verified with them that the information is correct.
141

142    The Fair Debt Collection Practices Act states a debt collector must cease collection of a debt
143    if they are asked to provide validation and must provide that validation or <u>cease collection</u>
144    <u>activity.</u>
145

146    The Defendant has not ceased collection activity by entering into the Plaintiff's credit
147    report on the following dates December 2010, January 2011, February 2011 and has
148    violated the FDCPA 15 USC Section § 1601, *et seq.* and the FCRA 15 USC Section §
149    1681, *et seq.* by updating and knowingly reporting erroneous and damaging information
150    to the Credit Reporting Agency Experian, damaging the Plaintiff's Credit Standing,
151    Reputation, and the Plaintiff's Credit Report. Recourse is demanded through the Law as
152    outlined in Fair Debt Collection Practices Act 15 USC Section § 1601, *et seq.* and Fair
153    Credit Reporting Act 15 USC 1681, *et seq.*
154

155    The Plaintiff denies ever having any contractual agreement for credit, loans or services
156    relationship with the Defendant. Even if the Plaintiff did have such an agreement,
157    which the Plaintiff denies, the alleged debt is not in question here as there is no proof
158    of any alleged debt. But the fact as to how it was or was not validated and wrongful
159    actions of the Defendant in an attempt to collect the alleged debt, continued collection
160    activity without proof of any alleged debt, violated the civil rights of the Plaintiff and
161    the law as outlined in the Fair Debt Collection Practices Act, 15 USC § 1601, *et seq.*
162    and the Fair Credit Reporting Act 15 USC § 1681, *et seq.*
163

164    The Plaintiff requested a copy of his Credit Report from Experian in November 2010.
165

166    Upon Inspection of the said report the Plaintiff observed that Bonded Collect Services
167    was listed on the Plaintiff's Experian credit report. Indicating a collection debt due to
168    Bonded Collect Services. The Plaintiff has not now or ever had any business affiliation
169    with Bonded Collect Services, nor applied for any type of mortgage, loan, credit card,
170    insurance or employment with the Defendant.
171

172    The Plaintiff contacted the Defendant with a letter of dispute by U.S. Postal Service
173    Certified Mail Return Receipt on November 24, 2010. The Defendant was notified of
174    this mailing by USPS on December 27, 2010 and received the certified mailing on
175    December 3, 2010. As of this date no response to that dispute has been received from the
176    Defendant.
177

178    The Plaintiff has requested confirmation/disputed this alleged debt with Experian on
179    several occasions and Experian has confirmed that they are reporting it correctly as
180    advised to Experian by Bonded Collect Services.
181

182    On December 15, 2010 Bonded Collect Services re-entered the alleged debt in Plaintiff's
183    Experian Credit Report as a new collection without validating the debt or responding to
184    Plaintiff's Experian Credit Report in dispute.
185

4

The Defendant has failed to provide proof/validation of the debt and failed to contact the Plaintiff within (5) five days of the Plaintiff's request for validation as outlined in the FDCPA/FCRA the law requires informing the Plaintiff of his rights under the law and that an investigation is being performed. If the Defendant does not respond to this request, as is his right, the Defendant must CEASE all collection activity. <u>The Defendant has clearly not done this</u>. The Defendant must also inform notice of dispute to the Major Credit Reporting Agencies that the alleged debt is in dispute, which the Defendant has not done. The Defendant has continued collection activities by updating the Plaintiff's credit report prior to validation the alleged debt, and is visible in the Plaintiff's credit report on the alleged amount owed prior to validation proof of the alleged debt. The Defendant has violated the law under the Debt Collection Practices Act, 15 USC § 1601, *et seq.* and the Fair Credit Reporting Act 15 USC § 1681, *et seq.*

Plaintiff invokes his right to this action under the following sections of the FCRA Fair Credit Reporting Act, § 617. Civil liability for negligent noncompliance [15 USC § 1681o] and under the Fair Debt Collection Practices act § 813. Civil liability [15 USC § 1692k]

As follows:
**Count I under the Fair Debt Collection Practices Act**
**Failure to Validate the Debt, Failure to Notify the Plaintiff of his rights after initial contact with the Defendant. Defendant has failed to provide the following information once contacted by the Plaintiff and by forwarding the alleged information to the Credit Reporting Agency has violated this section of the FDCPA.**

**§ 809. Validation of debts [15 USC 1692g]**
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5

232  (5) a statement that, upon the consumer's written request within the thirty-day period,
233  the debt collector will provide the consumer with the name and address of the original
234  creditor, if different from the current creditor.
235
236  **Count II through IV under the FDCPA**
237  **Continued collection activity prior to providing validation of the alleged debt to**
238  **the Plaintiff. The Defendant has updated on a monthly basis to the Credit**
239  **Reporting Agencies prior to providing Validation of the alleged debt to the**
240  **plaintiff one count each for each the following months, December 2010, January**
241  **2011, February 2011 through today.**
242
243  **§ 809. Validation of debts [15 USC 1692g](b)**
244  (b)If the consumer notifies the debt collector in writing within the thirty-day period
245  described in subsection (a) of this section that the debt, or any portion thereof, is
246  disputed, or that the consumer requests the name and address of the original creditor, the
247  debt collector shall cease collection of the debt, or any disputed portion thereof, until the
248  debt collector obtains verification of the debt or a copy of a judgment, or the name and
249  address of the original creditor, and a copy of such verification or judgment, or name and
250  address of the original creditor, is mailed to the consumer by the debt collector.
251
252  Plaintiff re-alleges the allegations set forth in lines 1 through 251 hereinabove.
253
254  **Count V though VII under the Fair Credit Reporting Act**
255  **December 2010, January 2011, February 2011 and through today. Three counts**
256  **Plaintiff has notified the Defendant on November 23, 1010 that the alleged debt**
257  **is in dispute and has informed Defendant of same. Defendant has**
258  **updated/reported to the credit reporting agency Experian every month as**
259  **indicated prior to providing proof of their claim to alleged debt.**
260
261  (3) Duty to provide notice of dispute. If the completeness or accuracy of any information
262  furnished by any person to any consumer reporting agency is disputed to such person by
263  a consumer, the person may not furnish the information to any consumer reporting
264  agency without notice that such information is disputed by the consumer.
265
266  (b) Duties of furnishers of information upon notice of dispute.
267
268  (1) In general. After receiving notice pursuant to section 611(a)(2) [§1681i] of a dispute
269  with regard to the completeness or accuracy of any information provided by a person to a
270  consumer reporting agency, the person shall
271
272  (A) conduct an investigation with respect to the disputed information;
273
274  (B) review all relevant information provided by the consumer reporting agency pursuant
275  to section 611(a)(2)[ §1681i];
276
277  (C) report the results of the investigation to the consumer reporting agency; and

6

278
279  (D) if the investigation finds that the information is incomplete or inaccurate, report those
280  results to all other consumer reporting agencies to which the person furnished the
281  information and that compile and maintain files on consumers on a nationwide basis.
282
283  (2) Deadline. A person shall complete all investigations, reviews, and reports required
284  under paragraph (1) regarding information provided by the person to a consumer
285  reporting agency, before the expiration of the period under section 611(a)(1) [§1681i]
286  within which the consumer reporting agency is required to complete actions required by
287  that section regarding that information.
288
289  **Count VIII through XCV under the Fair Credit Reporting Act**
290
291      **December 8, 2010 through March 2, 2011. Eighty-four counts Plaintiff has**
292      **notified on November 24, 2010 that the alleged debt is in dispute and has**
293      **informed Defendant of same. The information from Bonded Collect Services on**
294      **the Experian credit report of Plaintiff does not reflect that the information is in**
295      **dispute.**
296
297  Plaintiff invokes his right to bring this action under the following sections of the FCRA.
298  .
299  According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance
300  **[15 USC § 1681n],** (a) In general. Any person who willfully fails to comply with any
301  requirement imposed under this title with respect to any consumer is liable to that
302  consumer in an amount equal to the sum of (1)(A) any actual damages sustained by the
303  consumer as a result of the failure or damages of not less than $100 and not more than
304  $1,000; or (B) in the case of liability of a natural person for obtaining a consumer report
305  under false pretenses or knowingly without a permissible purpose, actual damages
306  sustained by the consumer as a result of the failure or $1,000, whichever is greater; (2)
307  such amount of punitive damages as the court may allow; and (3) in the case of any
308  successful action to enforce any liability under this section, the costs of the action
309  together with reasonable attorney's fees as determined by the court.
310
311  Plaintiff has a negative Experian credit score as of this date and has been denied credit at
312  reasonable rates because of the willful noncompliance actions and/or inactions of the
313  Defendant. The Defendant has injured the Plaintiff's credit rating, report, and credit
314  worthiness and reputation.
315
316  According to the Fair Credit Reporting Act, 617. Civil liability for negligent
317  noncompliance **[15 USC § 1681o],** (a) In general. Any person who is negligent in failing
318  to comply with any requirement imposed under this title with respect to any consumer is
319  liable to that consumer in an amount equal to the sum of (1) any actual damages sustained
320  by the consumer as a result of the failure; (2) in the case of any successful action to
321  enforce any liability under this section, the costs of the action together with reasonable
322  attorney's fees as determined by the court.
323

324 Plaintiff has a negative Experian credit score as of this date and has been denied credit at
325 reasonable rates because of the negligent noncompliance actions and/or inaction of the
326 Defendant.
327
328 Plaintiff re-alleges the allegations set forth in lines 1 through 327 hereinabove.
329
330 THEREFORE Plaintiff requests judgment against Defendant for all counts of $1,000 per
331 count plus costs and fees and punitive damages as allowed by the Court.
332
333 WHEREFORE, the Defendant has violated the Fair Credit Reporting Act and the Fair
334 Debt Collection Practices Act, Plaintiff demands judgment in the amount of $95,000.00
335 for all combined counts plus all costs of this action along with punitive damages in the
336 amount of $48,000.00
337
338 Respectfully submitted the 12th day of April 2011
339
340
341 Robert F. Sartori, Plaintiff
342 1295 Shady Lane
343 Tunica, MS 38676
344 (662) 671-4890

EXHIBIT A



EXHIBIT B


Experian
A world of insight

🗙 Close window

**Online Personal Credit Report from Experian for**

Experian credit report prepared for
**ROBERT SARTORI**
Your report number is
**3900-2179-93**
Report date:
**11/19/2010**

Index:
- Contact us
- Potentially negative items
- Accounts in good standing
- Requests for your credit history
- Personal information
- Important message from Experian
- Know your rights

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider." Consumer statements included on your report at your request that contain medical information are disclosed to others.

To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" and then enter your report number.

If you disagree with information in this report, return to the Report Summary page and follow the instructions for disputing.

## Contact us                                                                                                                         back to top

Need to view your report again or dispute information? Access your report online at www.experian.com/viewreport.
You may also contact us by mail at:
NCAC
P.O. Box 9701
Allen, TX 75013

Or, by phone at:
1 800 493 1058
Monday through Friday, 9 am to 5 pm in your time zone.

## Potentially Negative Items or items for further review                                                                              back to top

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies and unpaid tax liens, which may remain for up to 10 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

### Credit Items

**BONDED COLLECT SERVICES**
Address:                        Account Number:            Original Creditor:
PO BOX 1176                     7870221                    FIRST COMMUNITY BANK #73
LONGMONT, CO 80502
(720) 494-2980
Address Identification Number:
0479577125
Status: Collection account. $220 past due as of Jun 2009.  Status Details: This account is scheduled to continue on record until Dec 2015.

Date Opened:      Type:              Credit Limit/Original Amount:
05/2009           Collection         $220
Reported Since:   Terms:             High Balance:
06/2009           1 Months           NA
Date of Status:   Monthly Payment:   Recent Balance:
06/2009           $0                 $220 as of 06/2009
Last Reported:    Responsibility:    Recent Payment:
06/2009           Individual         $0

Account History:
Collection as of Jun 2009

*EXHIBIT C*

BONDED COLLECT SERVICES

address
PO BOX 1176
LONGMONT, CO 80502
(720) 494-2980

# This Is A Letter Of Dispute.

I noticed this credit line on my credit report. I dispute the account.

Please do not call or email. Respond by U.S. mail only

Robert F. Sartori

1295 Shady Lane

Tunica, MS 38676

662-671-4890

 

EXHIBIT C

Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7009 1410 0001 8437 8117**
Expected Delivery Date: **November 27, 2010**
Class: **First-Class Mail®**
Service(s): **Certified Mail™**
   **Return Receipt**
Status: **Delivered**

Your item was delivered at 11:33 am on December 03, 2010 in LONGMONT, CO 80501.

Detailed Results:
- **Delivered, December 03, 2010, 11:33 am, LONGMONT, CO 80501**
- **Notice Left, November 27, 2010, 6:41 am, LONGMONT, CO 80502**
- **Acceptance, November 24, 2010, 4:06 pm, TUNICA, MS 38676**

Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.  ( Go > )

Track & Confirm
Enter Label/Receipt Number.

( Go > )

Privacy Policy   Terms of Use   Business Customer Gateway

FOIA

---

SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bonded Collect Serv.
P.O. Box 1776
Long Mont, CO
80502

COMPLETE THIS SECTION ON DELIVERY
A. Signature
X [signature] ☐ Agent ☒ Addressee
B. Received by ( Printed Name )  JONES
C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes ☒ No
   If YES, enter delivery address below:

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7009 1410 0001 8437 8117

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

7009 1410 0001 8437 8117

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

LONGMONT, CO 80502
OFFICIAL USE

Postage   $   $0.44   0676
Certified Fee       $2.80    01
Return Receipt Fee
(Endorsement Required)  $2.30   Postmark Here
Restricted Delivery Fee
(Endorsement Required)  $0.00
Total Postage & Fees  $  $5.54   11/24/2010

Sent To  Bonded Collect Services
Street, Apt. No.; or PO Box No.  P.O. Box 1776
City, State, ZIP+4  Longmont, CO 80502

PS Form 3800, August 2006   See Reverse for Instructions

**BC SERVICES**

451 21st Avenue
Longmont, CO 80502
(303) 532-3500 • (800) 732-0262
(719) 302-2000 • (970) 530-4200

EXHIBIT D

DEC 06 2010

#99          7870221
ROBERT F FRAZER SARTORI
1295 SHADY LN

TUNICA MS   38676


RE:  FIRST COMMUNITY BANK #73*
     $220.83                                              #99          7870221

---

Below is a print out of your file per your request.

| ACCT # | CLIENT NAME | SERVICE DATE | PRIN BAL | INT BAL | CK CHG BALANCE | COURT COST BAL | BAL DUE |
|---|---|---|---|---|---|---|---|
| 7870221 | FIRST COMMUNITY BANK #73* | 02/10/09 | 220.83 | 0.00 | 0.00 | 0.00 | 220.83 |

N
This communication is from a debt collector and is an attempt to
collect a debt.  Any information obtained will be used for
that purpose.

   ,   EXTN:  --1-866-822-1798


**Experian**
A world of insight

Close window

## Online Personal Credit Report from Experian for

Experian credit report prepared for
**ROBERT SARTORI**
Your report number is
**3900-2179-93**
Report date:
**01/03/2011**

Index:
- Contact us
- Potentially negative items
- Accounts in good standing
- Requests for your credit history
- Personal information
- Important message from Experian
- Know your rights

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider." Consumer statements included on your report at your request that contain medical information are disclosed to others.

To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" and then enter your report number.

If you disagree with information in this report, return to the Report Summary page and follow the instructions for disputing.

## Contact us
back to top

Need to view your report again or dispute information? Access your report online at www.experian.com/viewreport.
You may also contact us by mail at:
NCAC
P.O. Box 9701
Allen, TX 75013

Or, by phone at:
1 800 493 1058
Monday through Friday, 9 am to 5 pm in your time zone.

## Potentially Negative Items or items for further review
back to top

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies and unpaid tax liens, which may remain for up to 10 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

**BONDED COLLECT SERVICES**
*This item is currently being investigated.*

| Address: | Account Number: | Original Creditor: |
|---|---|---|
| PO BOX 1176 | 7870221 | FIRST COMMUNITY BANK #73 |
| LONGMONT, CO 80502 | | |
| (720) 494-2980 | | |

Address Identification Number:
0479577125

Status: Collection account. $220 past due as of Dec 2010.   Status Details: This account is scheduled to continue on record until Dec 2015.

| Date Opened: | Type: | Credit Limit/Original Amount: |
|---|---|---|
| 05/2009 | Collection | $220 |
| Reported Since: | Terms: | High Balance: |
| 06/2009 | 1 Months | NA |
| Date of Status: | Monthly Payment: | Recent Balance: |
| 06/2009 | $0 | $220 as of 12/2010 |
| Last Reported: | Responsibility: | Recent Payment: |
| 12/2010 | Individual | $0 |

Your Statement:
Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

Account History:
Collection as of Dec 2010, Jun 2009

Robert F. Sartori, Plaintiff pro se
1295 Shady Ln
Tunica, MS 38676
662-671-4890
sanpatriciofarrier@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion to Strike was filed with the United States District Court for the Northern District of Mississippi, via US Postal Service Certified Mail Return Receipt # 7010-3090-0003-0408-5277, and also a copy to the Defendant's attorney Glen K. Till, Jr., PLLC 1675 Lakeland Drive, Suite 203, Jackson, MS 39216, via US Postal Service Certified Mail Return Receipt # 7010-3090-0003-0408-5260,

On this the 12th day of April, 2011.

By: _____
Robert F. Sartori, Plaintiff pro se


