**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**ROBERT F. SARTORI,**                                          **PLAINTIFF,**

**VS.**                                                       **CIVIL ACTION NO. 2:11CV030-P-A**

**BONDED COLLECT SERVICES,**                           **DEFENDANT.**

**FINAL JUDGMENT**

These matters come before the court upon the defendant's motions [docket numbers 6 and 15] to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and the plaintiff's motion [docket number 19] to strike the affidavit of Porter Morgan. After due consideration of the motions, the court finds as follows, to-wit:

The plaintiff's motion to strike the affidavit of Porter Morgan attached to the defendant's motions to dismiss should be denied. Though he sets out his disagreements with the statements made by Mr. Morgan in his affidavit, the plaintiff has not demonstrated sufficient basis for the affidavit to be stricken.

The defendant's March 26, 2011 motion to dismiss for lack of personal jurisdiction should be denied as moot since the plaintiff filed an Amended Complaint subsequent to the filing of the first motion to dismiss.

This leaves the defendant's second motion to dismiss for lack of personal jurisdiction filed on April 28, 2011.

The plaintiff bears the burden of establishing personal jurisdiction. *Allred v. Moore & Peterson, P.C.*, 117 F.3d 278, 281 (5th Cir. 1997). "Federal courts sitting in diversity may exercise personal jurisdiction over a non-resident where the state long-arm statute grants jurisdiction and the

exercise of jurisdiction is consistent with federal due process." *Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 644 (5th Cir (Miss.) 2004).

> Mississippi's long-arm statute provides in pertinent part that:
>
> Any nonresident person, firm ... or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57 (2002)(emphasis added).

In its second motion to dismiss, the defendant argues that the plaintiff has not met his burden in proving that this court has proper personal jurisdiction because of the plaintiff's failure to show that the Mississippi long-arm statute applies to the defendant (whether the tort, contract, or the doing business prong) and that exercising personal jurisdiction would not offend traditional notions of fair play and substantial justice per the Due Process Clause of the U.S. Constitution.

The plaintiff's primary argument for personal jurisdiction is that the defendant committed a tort in whole or in part in the State of Mississippi by violating the Fair Debt Collection Practices Act, 15 U.S.C. §1601 *et seq.* and the Fair Debt Reporting Act, 15 U.S.C. §1681 *et seq.* when it (a) sent the plaintiff what he terms a collection letter dated December 6, 2010 without validating the debt as the plaintiff requested in his previous letter of November 24, 2010; and (b) each time the defendant reported the subject $202.83 New Mexico checking account debt on the plaintiff's Experian credit report beginning June 2009 and again in December 2010, January 2011, and February 2011.

Taking the facts in a light most favorable to the plaintiff as the non-movant, the court concludes that the Amended Complaint satisfies the tort prong of the Mississippi long-arm statute since it alleges that the defendant improperly reported a disputed debt on the plaintiff's Experian credit report while the plaintiff was residing in Mississippi. However, like the court concluded in *Shaw v. Excelon Corporation*, 167 F.Supp.2d 917, 920 (S.D.Miss. 2001), this court concludes that exercise of personal jurisdiction over the defendant would violate the defendant's due process rights because doing so would offend "traditional notions of fair play and substantial justice," pursuant to *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945).

It is undisputed that the defendant is a non-resident corporation from Colorado, it is not registered to do business in Mississippi, it does not have a registered agent in Mississippi, and the disputed debt is from a bank in New Mexico. Though the plaintiff argues that the defendant purposefully directed business to Mississippi when it sent a letter to the plaintiff while residing in Mississippi in December 2010, the letter was sent in direct response to the plaintiff's November 2010 letter requesting validation of the disputed debt. While the plaintiff denies the defendant's argument that the December 2010 letter was a validation letter, not a mere collection letter, the plaintiff does not demonstrate how the letter failed to meet the requirements validation of the disputed debt. Nevertheless, it is undisputed that the defendant sent the letter to the plaintiff in direct response to the plaintiff's request and sent no further correspondence to the plaintiff in Mississippi thereafter regarding the disputed debt.

In other words, the court concludes that a non-resident collection agency (a company that is a step removed from the actual debt holder) cannot be said to have had the requisite minimum contacts with a forum state warranting personal jurisdiction over that agency merely by reporting

a third-party debt from another state to a national reporting agency or by sending a validation and/or collection letter to a resident of the forum state in direct response to the resident's request.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's motion [docket number 19] to strike the affidavit of Porter Morgan is **DENIED**;

(2) The defendant's first motion to dismiss [docket number 6] is **DENIED AS MOOT**;

(3) The defendant's second motion to dismiss [docket number 15] is **GRANTED**; accordingly,

(4) All of the plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction; and

(5) This case is **CLOSED** with all parties to bear their own costs.

SO ORDERED this the 1st day of August, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE